## A. P. BALTHROP v. STATE.

No. A-8957. Feb. 7, 1936.
(54 Pac. [2d] 407.)

John Steele Batson, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. A. P. Balthrop was by information charged with attempt to set fire and burn and destroy by fire a seven-room frame house and household goods located therein; was tried and sentenced to imprisonment in the state penitentiary for twelve months.

In this opinion A. P. Balthrop will be referred to as the defendant. The testimony shows the defendant was living in Durant, Okla.; that in the forenoon of the 18th day of October, 1931, he and his family left their home for Dallas, Tex.; about 3 o'clock in the afternoon fire was discovered in the home of the defendant; the fire department was called out and extinguished the fire; when the fire department arrived, there was a fire in a closet in one of the rooms that had destroyed some few things in the closet; in the closet of another room of the building there was found a burning candle between two shoes, with pa-

per packed around the candle; the candle had not burned down to the paper.

The state further showed there were very few things in the way of clothing in the building belonging to the family at the time the fire was discovered. It was also shown that the defendant was carrying $2,000 insurance upon his household goods. At the time the fire was discovered a sign had been left on the door, saying: "Gone to Dallas." This sign was explained by the defendant as he claimed he had a brother at Sherman who was going through to Ada, and he wanted him to know there was no one at home. It was also shown on behalf of the state that before the fire the wife of the defendant had talked with a party handling real estate, and stated she wanted to buy a better home than they were living in, telling him they wanted to pay cash for the building. It is admitted by the defendant that he had the insurance claimed by the state, but he denies that he or any of his family had removed anything from the house other than the clothes they were wearing, save and except a few things his wife had taken for herself and the youngest child.

The defendant denied he knew anything about the fire or had anything to do with starting the fire, and claims they left home about 8:30 in the morning, and the fire was not discovered until 3 in the afternoon. All of the state's testimony is circumstantial. Testimony was introduced on behalf of the defendant as to his previous good character.

The defendant in his 11th assignment of error alleges that the court erred in overruling his motion for a new trial. The motion for a new trial covers all the errors alleged by the defendant to have been committed by the trial court in his case. The testimony, though circum-

stantial; conflicts with the defendant's testimony. The jury heard all the evidence and is the sole and exclusive judge of the same. This court has repeatedly held that where there was any testimony, positive or circumstantial, competent to go to the jury, though the testimony is conflicting, the question was for the jury to determine as to the guilt or innocence of the defendant.

An examination of the court's instructions shows that the court properly instructed the jury as to the law applicable to the facts. The evidence is sufficient to sustain the judgment. After a careful consideration of the record and the instructions of the court, we fail to find any error in the record warranting a reversal.

The judgment of the trial court is affirmed.

EDWARDS, P. J., and DOYLE, J., concur.